UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                                      Criminal Case No. 18-20586

                                            Sean F. Cox

Dionne Tyrell Peterson,                                  United States District Court Judge

      Defendant.

_____/

**ORDER DISMISSING WITHOUT PREJUDICE**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

Acting *pro se*, Defendant Dionne Tyrell Peterson ("Defendant") filed a motion for

compassionate release under 18 U.S.C. § 3582(c)(1). (ECF No. 35).

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of

imprisonment "after the defendant has fully exhausted all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

days from the receipt of such a request by the warden of the defendant's facility, whichever is

earlier[.]" The United States Court of Appeals for the Sixth Circuit examined the nature of these

requirements for a defendant's motion for compassionate release. In *United States v. Alam*, 960

F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s

exhaustion requirement is a mandatory claim-processing rule. *Id*. at 833. If a defendant fails to

comply with this rule, and the Government timely objects to his motion on that basis, the Court

1

must enforce the exhaustion requirement and dismiss the motion without prejudice.[1] *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement. *Id*. at 834.

Here, the Government's response brief asserts that Defendant has failed to administratively exhaust his claim.

As a result, this Court ordered Defendant to show cause, in writing, "why the Court should not deny his Motion for Compassionate Release without prejudice" and ordered that "[i]f Defendant contends that he has submitted a compassionate release request to his warden, Defendant shall include a copy of that request (or any other documentation) with his response to this order." (ECF Nos. 41 & 45).

After filing his Motion for Compassionate Release, Defendant filed a written submission wherein he asserts that he "made a request for early home confinement to the Warden and the Warden denied the request," without stating when the alleged request was made or denied. (ECF No. 42 at PageID.423). Defendant's submission then states "See Exhibit 1" but there are no exhibits attached to his submission.

Defendant has also filed another written submission (ECF No. 47) wherein he states that he would like legal representation. Defendant also states that he does not have his medical

---

[1]In explaining that a prematurely filed motion seeking compassionate release should be dismissed without prejudice, the Sixth Circuit explained that is the preferred course even if Defendant had made a request to his warden but not waited the required amount of time before filing the motion. *Alam, supra*, at 836 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions. Better to have [the defendant] refile with the benefit of whatever additional insight he may have gleaned.").

records.  Notably, however, Defendant does not address the issue of exhaustion in that submission.

Accordingly, Defendant has not met his burden of establishing that he exhausted his administrative remedies prior to filing his Motion for Compassionate Release on October 9, 2020.  *United States v. McDonald*, 2020 WL 3166741 at *3 (W.D. Tenn. June 8, 2020) ("The defendant bears the burden to show that he has exhausted his administrative remedies"); *United States v. Pena-Lora*, 2020 WL 3886384 at *1 (E.D. Mich. July 9, 2020).

The Court **DISMISSES WITHOUT PREJUDICE** Defendant's Motion for Compassionate Release.  Defendant may file a new motion for compassionate release (1) after he properly submits a compassionate release request to his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives a compassionate release request from him, whichever is earlier.

Defendant's request for the appointment of counsel is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 10, 2021